IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYSON G. WENDT,<br><br>        Plaintiff,<br><br>vs.<br><br>RIVERTON MEMORIAL HOSPITAL, LLC,<br>a Delaware Limited Liability Company, and<br>PARALLON BUSINESS SOLUTIONS, LLC, a<br>Tennessee Limited Liability Company<br><br>        Defendants. | Case No. CI 4:16-cv-03156<br><br>AMENDED COMPLAINT |

Plaintiff, Tyson G. Wendt ("Wendt"), for his causes of action against the Defendants, Riverton Memorial Hospital, LLC ("Riverton Memorial") and Parallon Business Solutions, LLC ("Parallon") alleges and states as follows:

**PARTIES AND VENUE**

1. Wendt is an individual residing in Hamilton County, Nebraska.

2. Riverton is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Brentwood, Tennessee.

3. Parallon is a limited liability company organized and existing under the laws of the State of Tennessee with its principal place of business located in Nashville, Tennessee.

4. Venue is appropriate pursuant to 28 U.S.C. § 1441(a) because Riverton Memorial removed this action from a Nebraska state court and 28 U.S.C. § 1391 because Parallon is subject to personal jurisdiction in this Court and a substantial part of the events giving rise to these claims arose in this judicial district.

1

## **FACTS**

5. From at least April of 2012 through the present, Wendt has been a victim of identity theft. An individual named Tyron Lovejoy has used Wendt's social security number to charge tens of thousands of dollars in medical bills on credit. Most of these medical expenses occurred in Riverton, Wyoming.

6. Around January of 2016, Wendt checked his credit report and discovered the fraudulent transactions. The fraudulent transactions included:

   a. An account opened with Riverton Memorial on August 25, 2015 with an unpaid balance of $1,975;

   b. An account opened with Riverton Memorial on January 1, 2015 with an unpaid balance of $21,438;

   c. An account opened with Team Health on November 25, 2013 with an unpaid balance of $2,830.

   d. An account opened with Riverton Physicians on September 24, 2012 with an unpaid balance of $532; and

   e. An account opened with Fremont Radiology on April 24, 2012 with an unpaid balance of $656.

7. Upon discovering these fraudulent transactions, Wendt began attempting to repair his credit.

8. In early January, 2016, Wendt contacted the businesses that had reported delinquent accounts on his credit report. When he contacted the businesses that had reported delinquent accounts on his credit report, Wendt learned that Tyron Lovejoy had used Wendt's social security number to open credit accounts. In particular Wendt contacted Riverton Memorial.

9. In early January 2016, Wendt contacted Riverton Memorial by calling the telephone number listed on the SageWest Healthcare website. On this phone call,

Wendt spoke to Sandi Lance. Wendt explained to Sandi Lance that he was a victim of identity fraud. Wendt explained that he lived in Nebraska and had no connection to Riverton, Wyoming. Sandi Lance promised to look into the matter and remove the fraudulent charges.

10. Sandi Lance is an employee, agent, or apparent agent of Riverton Memorial and Parallon. Sandi Lance's position is patient financial services director, and her email signature states that she represents both Riverton Memorial and Parallon. Sandi Lance is available to speak if one calls Riverton Memorial's phone number asking for the billing department.

11. Riverton Memorial employs Parallon to assist Riverton Memorial with accounting and collections services. Riverton Memorial and Parallon work together closely. At any time Wendt interacted with or was affected by an action done by either Riverton Memorial or Parallon, Wendt was under the reasonable impression that he was dealing only with Riverton Memorial.

12. On January 12, 2016, Wendt reported his identity theft to the Hamilton County Sherriff's Department.

13. On January 14, 2016, Wendt's representative called Riverton Memorial by calling the telephone number listed on the SageWest Healthcare website and spoke to Sandi Lance, explaining that Wendt was a victim of identity theft, that Wendt was from Nebraska, and that Wendt had no connection to Riverton, Wyoming. Sandi Lance promised to work to clear the charges off Wendt's credit report.

14. On January 14, 2016, Wendt's representative contacted TransUnion to place a fraud alert on Wendt's credit report. The fraud alert had a duration of 90 days,

required creditors to personally contact Wendt before giving credit to anyone using Wendt's information, and conspicuously notified all users of Wendt's credit report that he has been a victim of identity theft. TransUnion relayed the fraud alert to the other credit bureaus (Experian and Equifax).

15. On January 14, 2016, Sandi Lance emailed Wendt explaining that Riverton Memorial and Parallon are responsible for billing for Fremont Radiology and Riverton Physicians. Sandi Lance also assured Wendt that she would work to clear the charges off Wendt's credit report.

16. On January 19, 2016, Wendt reported his identity theft to the Federal Trade Commission and completed an Identity Theft Report. An Identity Theft Report is a document that is sent to the three credit bureaus (TransUnion, Experian, and Equifax) and requires the three credit bureaus to block reporting fraudulent charges on an identity theft victim's credit report. Wendt's Identity Theft Report included:

  a. Wendt's name;

  b. Wendt's date of birth;

  c. Wendt's social security number;

  d. Wendt's address in Giltner, Nebraska;

  e. A statement that Tyron Lovejoy has used Wendt's social security number to open fraudulent accounts;

  f. A list of the fraudulent charges listed on Wendt's credit report and the businesses reporting the fraudulent charges; and

  g. A copy of the law enforcement report prepared by the Hamilton County Sherriff's Department;

17. On January 19, 2016, Wendt sent his Identity Theft Report to the three credit bureaus.

18. Within January of 2016, each of the three credit bureaus acknowledged receipt of Wendt's Identity Theft Report and stated that they had investigated the fraudulent charges and blocked reporting the fraudulent charges listed in Wendt's Identity Theft Report. Each of the three credit bureaus notified Riverton Memorial and Parallon that the fraudulent charges had been blocked from the files of the three credit bureaus.

19. Within five days of receiving Wendt's Identity Theft Report, each of the three credit bureaus forwarded the information contained in Wendt's Identity Theft Report to Riverton Memorial and Parallon.

20. On January 28, 2016, the three credit bureaus placed an extended fraud alert on Wendt's credit report. The extended fraud alert has a duration of seven years, requires creditors to personally contact Wendt before giving credit to anyone using Wendt's information, and conspicuously notifies all users of Wendt's credit report that he has been a victim of identity theft.

21. In early February, 2016, Wendt checked his credit report and discovered newly reported fraudulent charges reported by Riverton Memorial and Parallon. This charge was for an account opened with Riverton Memorial in November of 2015 with an unpaid balance of $742. This account was last reported to the credit bureaus on February 1, 2016.

22. On February 16, 2016, Wendt's representative called the phone number listed on the SageWest Healthcare website and spoke to Sandi Lance regarding the newly reported fraudulent charges. Wendt's representative explained to Sandi Lance that Wendt was a victim of identity theft, that Wendt was from Nebraska, and that Wendt

had no connection to Riverton, Wyoming. Sandi Lance promised to work to clear the charges off Wendt's credit report.

23. On February 16, 2016, Wendt completed a second Identity Theft Report. Wendt's second Identity Theft Report contained the same information as Wendt's identity theft report prepared on January 19, 2016 except that Wendt's second Identity Theft Report only listed the newly reported fraudulent charge from Riverton Memorial and Parallon with an unpaid balance of $742.

24. On February 16, 2016, Wendt sent his second Identity Theft Report to the three credit bureaus.

25. Within February of 2016, each of the three credit bureaus acknowledged receipt of Wendt's second Identity Theft Report and stated that they had investigated the fraudulent charges and blocked the fraudulent charges listed in Wendt's second Identity Theft Report. Each of the three credit bureaus notified Riverton Memorial and Parallon that the fraudulent charges had been blocked from the files of the three credit bureaus.

26. Within five days of receiving Wendt's second Identity Theft Report, each of the three credit bureaus forwarded the information contained in Wendt's second Identity Theft Report to Riverton Memorial and Parallon.

27. On or around May 18, 2016, Wendt checked his credit report and discovered newly reported fraudulent charges reported by Riverton Memorial and Parallon. This charge was for an account opened with Riverton Memorial on January 25, 2016 with an unpaid balance of $1,975. This account was last reported to the credit bureaus on March 13, 2016.

6

28.    Wendt is a farmer and frequently purchases farming supplies, materials, machines, and goods from Nebraska merchants on credit.  Wendt also obtains farm-related lines of credit from Nebraska lenders.  Thus, Wendt's creditworthiness in his local community is essential to his occupation.

**FIRST CLAIM FOR RELIEF: FAIR CREDIT REPORTING ACT VIOLATIONS**

29.    All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following cause of action and claim for relief as if fully set forth in each such claim.

30.    Riverton Memorial and Parallon are consumer reporting agencies as defined by the Fair Credit Reporting Act ("FCRA") at 15 U.S.C. § 1681a(f).  Riverton Memorial is a consumer reporting agency based on its billing relationship with Fremont Radiology and Riverton Physicians.  Parallon is a consumer reporting agency based on its billing relationship with Riverton Memorial, Fremont Radiology, and Riverton Physicians.  Riverton Memorial receives monetary fees or dues for handling billing for Fremont Radiology and Riverton Physicians or it is done on a nonprofit cooperative basis.  Parallon receives monetary fees or dues for handling billing for Riverton Memorial, Fremont Radiology, and Riverton Physicians or it is done on a nonprofit cooperative basis.  Through means of interstate commerce, Riverton Memorial and Parallon regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, such as collection agencies and the major credit bureaus.  A consumer report is an written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness,

credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit and other permissible purposes.

31. Riverton Memorial and Parallon regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies. Including the three credit bureaus.

32. The three credit bureaus (TransUnion, Experian, and Equifax) are all consumer reporting agencies as defined by the FCRA at 15 U.S.C. § 1681a(f).

33. Riverton Memorial and Parallon violated 15 U.S.C. § 1681b(a) by furnishing a consumer report pertaining to Wendt in the absence of a permissible circumstance.

34. Riverton Memorial and Parallon violated 15 U.S.C. § 1681b(f) by using or obtaining a consumer report pertaining to Wendt without a permissible purpose.

35. Riverton Memorial and Parallon violated 15 U.S.C. § 1681b(g) by furnishing a consumer report pertaining to Wendt that contains medical information in the absence of a permissible circumstance.

36. Riverton Memorial and Parallon violated 15 U.S.C. § 1681c(a)(6) by making consumer reports pertaining to Wendt that contain the name, address, and telephone number of medical information furnishers that had notified Riverton Memorial and Parallon of their status.

37. Riverton Memorial and Parallon violated 15 U.S.C. § 1681c(f) by making consumer reports pertaining to Wendt that did not indicate that Wendt had disputed information regarding the fraudulent accounts opened with Wendt's information.

38. Riverton Memorial and Parallon violated 15 U.S.C. § 1681c-1(h) by failing to utilize reasonable procedures to learn the actual identity of Tyron Lovejoy when Tyron Lovejoy established a new credit plan or established or increased a line of credit while Wendt's consumer report included a fraud alert.

39. Riverton Memorial and Parallon violated 15 U.S.C. § 1681c-2(a) by failing to block reporting information that resulted from identity theft after Riverton Memorial and Parallon received the information contained in Wendt's first and second Identity Theft Reports.

40. Riverton Memorial and Parallon violated 15 U.S.C. § 1681e(a) by failing to maintain reasonable procedures to avoid violations of 15 U.S.C. § 1681c.

41. Riverton Memorial and Parallon violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of consumer reports pertaining to Wendt.

42. Riverton Memorial and Parallon violated 15 U.S.C. § 1681i(a)(1) by failing to reasonably reinvestigate the accuracy of the information in its file pertaining to Wendt and Tyron Lovejoy and delete the inaccurate information within 30 days.

43. Riverton Memorial and Parallon violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Wendt.

44. Riverton Memorial and Parallon violated 15 U.S.C. § 1681i(a)(5)(A) by failing to delete the inaccurate information disputed by Wendt.

45. Riverton Memorial and Parallon violated 15 U.S.C. § 1681i(a)(5)(B) by reinserting inaccurate information disputed by Wendt and by failing to give Wendt notice when the inaccurate information was reinserted into the file associated with Wendt's information.

46. Riverton Memorial and Parallon violated 15 U.S.C. § 1681i(a)(5)(C) by failing to maintain reasonable procedures to prevent the reappearance of inaccurate information in the file associated with Wendt's information.

47. Riverton Memorial and Parallon violated 15 U.S.C. § 1681i(a)(6) by failing to give Wendt notice of any reinvestigation of inaccurate information disputed by Wendt.

48. Without maintaining reasonable policies and procedures to ensure compliance with 15 U.S.C. § 1681m, Riverton Memorial and Parallon violated 15 U.S.C. § 1681m(f) by selling, transferring for consideration, or placing for collection debts associated with Wendt's information after Riverton Memorial was notified pursuant to 15 U.S.C. § 1681c-2 that the debts had resulted from identity theft.

49. Riverton Memorial and Parallon violated 15 U.S.C. § 1681s-2(b) after it received notice of a dispute over inaccuracy pursuant to 15 U.S.C. § 1681i(a)(2) from the three credit bureaus by:

   a. Failing, within 30 days, to conduct an investigation with respect to the disputed information identified by Wendt;

   b. Failing, within 30 days, to review all relevant information provided by the three credit bureaus pursuant to 15 U.S.C. § 1681i(a)(2);

   c. Failing, within 30 days, to report the results of the investigation to the three credit bureaus; and

   d. Failing, within 30 days, to modify, delete, or permanently block reporting of information that was found to be inaccurate, incomplete, or could not be verified.

50. The violations of the FCRA identified in the above paragraphs were willful, knowing, or reckless.

51. Once Wendt contacted Riverton Memorial and Parallon in early January, Riverton Memorial and Parallon's intentional conduct in violating the FCRA was calculated to cause injuries to Wendt in Nebraska and expressly aimed at Nebraska.

## SECOND CLAIM FOR RELIEF: DEFAMATION

52. All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following cause of action and claim for relief as if fully set forth in each such claim.

53. Riverton Memorial and Parallon have made false and defamatory statements to others that disparage Wendt's creditworthiness. Such statements were defamatory, because they harmed the reputation of Wendt in his local community, lowered Wendt in the estimation of his local community, and deterred others from associating, communicating, or doing business with Wendt.

54. Such statements referred to in paragraph 53 were unprivileged.

55. Such statements referred to in paragraph 53 were published to third parties.

56. Such statements referred to in paragraph 53 were published with actual malice or an intent to injure Wendt, because Riverton Memorial and Parallon knew such statements were untrue. In publishing such statements, Riverton Memorial demonstrated hate, spite, and ill will.

57. Such statements referred to in paragraph 53 were libelous per se, because they prejudiced Wendt in his trade.

58. Wendt is not a public figure for any purpose.

59. Riverton Memorial and Parallon's conduct in violating 15 U.S.C. § 1681b(a) by furnishing a consumer report pertaining to Wendt in the absence of a permissible circumstance and 15 U.S.C. § 1681b(f) by using or obtaining a consumer reporting pertaining to Wendt without a permissible purpose constitute distinct acts of defamation.

60. Once Wendt contacted Riverton Memorial and Parallon in early January, Riverton Memorial and Parallon's intentional conduct in making false and defamatory statements concerning Wendt was calculated to cause injuries to Wendt in Nebraska and expressly aimed at Nebraska.

61. Because of Riverton Memorial and Parallon's defamation, Wendt has suffered the following types of damages:

   a. Special damages for loss of income and business and for receiving less favorable terms of credit;

   b. Harm to reputation; and

   c. Mental suffering

**THIRD CLAIM FOR RELIEF: FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS**

62. All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following cause of action and claim for relief as if fully set forth in each such claim.

63. At all relevant times, Wendt is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. § 1692a(4), because Riverton Memorial and Parallon alleged that Wendt was obligated to pay a debt.

64. Parallon is a debt collector as defined by 15 U.S.C. § 1692a(6), because Parallon regularly uses instrumentalities of interstate commerce or the mails to collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due others, including Riverton Memorial, Fremont Radiology, and Riverton Physicians. Additionally, Parallon is a debt collector, because it uses Riverton Memorial's name in the process of collecting its own debts.

65. Each time Parallon reported a delinquent account associated with Wendt to credit reporting agencies and others, Parallon violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, and legal status of an alleged debt owed by Wendt.

66. Each time Parallon reported a delinquent account associated with Wendt to credit reporting agencies and others, Parallon violated 15 U.S.C. § 1692e(8) by communicating credit information which was known or should have been known to be false, including its failures to communicate that a disputed debt is disputed.

67. Each time Parallon used Riverton Memorial's name in connection with collecting Wendt's alleged debts, Parallon violated 15 U.S.C. § 1692e(14).

68. The violations of the FDCPA identified in the above paragraphs were willful, knowing, or reckless.

69. Once Wendt contacted Parallon in early January, Parallon's intentional conduct in violating the FDCPA was calculated to cause injuries to Wendt in Nebraska and expressly aimed at Nebraska.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the Court enter judgment in his favor and against Defendants on all of the above claims for relief, and specifically requests the following:

a. Special Damages: $546.00 in expenditures for credit repair services, damages for loss of income and business, and damages for receiving less favorable terms of credit;

b. General Damages: damages for harm to Wendt's reputation, damages for mental suffering, damages for emotional distress, and damages for humiliation;

c. Punitive damages;

d. $1,000.00 in statutory damages against Parallon for each FDCPA violation pursuant to 15. U.S.C. § 1692ka;

e. Attorney's fees; and

f. Costs of this action.

## JURY DEMAND

Plaintiff demands a trial by jury in this matter.

                TYSON G. WENDT, Plaintiff

                BY    LEININGER, SMITH, JOHNSON,
                         BAACK, PLACZEK & ALLEN
                         104 N. Wheeler Street
                         P. O. Box 790
                         Grand Island, NE  68802-0790
                         (308) 382-1930
                         jkrejci@gilawfirm.com

                By    /s/ Jared J. Krejci
                         Jared J. Krejci, #25785

## CERTIFICATE OF SERVICE

      I hereby certify that on the 2nd day of December, 2016, I electronically filed the foregoing Amended Complaint with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following

| | |
|---|---|
| Gregory S. Frayser | John Zimmer, V |
| gfrayser@clinewilliams.com | jzimmer@clinewilliams.com |

                                            By   /s/ Jared J. Krejci_____
                                                     Jared J. Krejci, #25785

3805-4/607209